UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CORY BLANKENSHIP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| METROPOLITAN GOVERNMENT OF | ) |
| NASHVILLE AND DAVIDSON | ) |
| COUNTY TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff Cory Blankenship states the following for his cause of action against defendant Metropolitan Government of Nashville and Davidson County, Tennessee:

## THE PARTIES

1. Plaintiff Cory Blankenship is a resident of Sumner County, Tennessee. Plaintiff was denied employment by the defendant Metropolitan Government of Nashville and Davidson County for the position of fire fighter with the Nashville Fire Department, which is a department of the Metropolitan Government of Nashville and Davidson County, Tennessee as of January 9, 2018.

2. Defendant Metropolitan Government of Nashville and Davidson County, Tennessee (Metro Government) is a Tennessee municipal corporation and is an employer as defined in is an "employer" as defined in the Americans with Disabilities Act as amended by the ADA Amendments Act (ADAAA), 42 U.S.C. §12111(5). Defendant operates the Nashville Fire Department and is responsible for the acts and omissions of the Nashville Fire Department as set forth in this Complaint.

3. At all times material to this Complaint, plaintiff was a "qualified individual" as defined in the ADAAA, 42 U.S.C. §12111(8).

## JURISDICTION AND VENUE

4. This action is brought under the Americans with Disabilities Act as amended by the ADA Amendments Act (ADAAA), 42 U.S.C. §§12101 *et seq*.

5. This Court has jurisdiction of plaintiff's ADAAA claim under 28 U.S.C. §1331 because it is a civil action arising under the laws of the United States. This Court also has jurisdiction of plaintiff's ADAAA claim under 28 U.S.C. §1343(a)(4) because it is an action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

6. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. §1391(b) because defendant is deemed to reside in this district under 28

U.S.C. §1391(c) and because the events giving rise to plaintiff's claim occurred in this district.

7. All conditions precedent to plaintiff's ADAAA claim have been satisfied. Following the denial of employment by defendant, plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC). The EEOC issued a Notice of Right to Sue on November 30, 2018. Plaintiff's ADAAA claim is brought within 90 days of his receipt of the Notice of Right to Sue.

### FACTUAL ALLEGATIONS

8. At all times material to plaintiff's claim, plaintiff suffered from the chronic medical condition of diabetes mellitus, Type 1. Because of this medical condition, plaintiff is substantially limited in one or more major life activities, specifically including the function of plaintiff's endocrine system. Regulations promulgated by the Equal Employment Opportunity Commission pursuant to authority granted by the ADAAA list diabetes as an impairment that "should easily" be concluded to substantially limit the endocrine function. 29 C.F.R. §1630.2(j)(3)(iii).

9. Plaintiff's diabetes is managed and controlled by frequent self-testing, diet, exercise, and the administration of insulin. Plaintiff is and at all times material to his claim was well-educated and well-motivated in diabetes self-control. When he applied for the position of fire fighter and was denied employment by

defendant, plaintiff had achieved and maintained a level of diabetes management where he was capable of safe and effective performance as a fire fighter.

10. Plaintiff applied for employment with defendant for the position of fire fighter with the Nashville Fire Department in August 2017. Defendant gave plaintiff a conditional offer of employment on or about October 30, 2017, with the condition being that plaintiff had to pass a medical examination.

11. The medical examination referred to in Paragraph 10 was performed on or about December 1, 2017. Following the in-person examination, plaintiff submitted his physician's "Physician Evaluation Form For Fire Fighters With Diabetes Mellitus" to defendant. Plaintiff's physician who completed this form was Michael J. Fowler, who is an Associate Professor of Medicine, Division of Diabetes, Endocrinology, & Metabolism at the Vanderbilt University School of Medicine and who is Board Certified in Endocrinology, Diabetes and Metabolism by the American Board of Internal Medicine. In this Form Dr. Fowler provided his medical opinion that plaintiff was "well-established and well-motivated in diabetes self-management and has achieved a level of diabetes management to be capable of safe and effective performance as a fire fighter."

12. Despite plaintiff's physician's well-supported opinion that plaintiff was "capable of safe and effective performance as a fire fighter," defendant withdrew its conditional offer of employment and medically disqualified plaintiff from employment with the Nashville Fire Department on or about December 15, 2017.

13. In accordance with applicable procedures, plaintiff requested a medical waiver hearing before defendant's Civil Service Commission to dispute the medical disqualification. The hearing was scheduled for January 9, 2018. In advance of the hearing, plaintiff submitted a letter from Dr. Fowler in support of his request for a medical waiver. Dr. Fowler's letter stated that plaintiff was and had been since his initial diagnosis in 1992 "an exemplary patient in managing his diabetes, compliance with medical advice, and otherwise aggressively pursuing a healthy lifestyle …." The letter went on to state that plaintiff "has an extraordinary and documented record of self-monitoring his blood glucose levels … and "has a long-standing track record of effective administering and regulating daily injections of basal and bolus insulin." Dr. Fowler also informed the Civil Service Commission that plaintiff's "annual A1C levels are within expected levels and substantiate the effectiveness of his routine self-care as he has remained stable and below 7.5 since 2013. With this reason I do not feel it is necessary to check his hemoglobin A1C levels every 3 months due to his track record of compliance." Finally, Dr. Fowler's letter reaffirmed that plaintiff was able to effectively perform all of the essential job tasks of a fire fighter.

14. At the medical waiver hearing, defendant's medical doctor, Dr. Gill Wright, testified that despite the opinions provided by plaintiff's physician that plaintiff was able to safely and effectively perform all of the essential job tasks of a fire fighter and that he did not feel that it was necessary to check plaintiff's hemoglobin A1C levels every 3 months due to his track record of compliance, Dr.

5

Gill could not recommend a medical waiver for plaintiff. The sole reason expressed by Dr. Gill for this position was that plaintiff did not meet a standard issued by a private association, the National Fire Prevention Association (NFPA), which categorically disqualifies any individual with Type 1 diabetes from employment as a fire fighter unless that individual, among other things not applicable to plaintiff, has had "hemoglobin A1C measured at least four times a year (intervals of 2 to 3 months) over the last 12 months prior to evaluation if the diagnosis of diabetes has been present over 1 year."

15. The Civil Service Commission, acting on behalf of defendant, denied plaintiff's request for a medical waiver, and therefore medically disqualified plaintiff from employment as a fire fighter, solely because plaintiff had not met the NFPA standard.

16. When defendant medically disqualified plaintiff from employment as a fire fighter with the Nashville Fire Department, plaintiff had the requisite skill, experience, education and other job-related requirements for the position of fire fighter, and he was able to perform the essential functions of the position of fire fighter with or without a reasonable accommodation. As a result, plaintiff was a "qualified individual" as defined by the ADAAA, 42 U.S.C. §12111(8).

6
Case 3:19-cv-00146   Document 1   Filed 02/14/19   Page 6 of 8 PageID #: 6

## LIABILITY UNDER THE ADAAA

17. By medically disqualifying plaintiff from employment as a fire fighter as described in Paragraphs 11-15, defendant unlawfully discriminated against plaintiff on the basis of his disability in violation of the ADAAA, 42 U.S.C. §12112(a), including, but not limited to, by using a qualification standard or other selection criteria that screens out or tends to screen out an individual with a disability or a class of individuals with disabilities that is not job related and consistent with business necessity, as prohibited by 42 U.S.C. §12112(b)(6).

18. As a result of defendant's violation of the ADAAA, plaintiff has suffered a loss of employment opportunities and earnings and a loss of future earnings and earning capacity and other job-related benefits, and plaintiff has suffered, and continues to suffer, non-monetary damages, including, but not limited to, emotional and physical distress, humiliation, embarrassment, loss of esteem, and loss of enjoyment of life.

## PRAYER FOR RELIEF

Based on the allegations of this complaint, plaintiff prays for the following relief:

1. For judgment against defendant for lost wages, compensation and other employment benefits caused by defendant's unlawful actions;

2. For instatement with full accrued benefits, or judgment against defendant for front pay in lieu of reinstatement;

3. For judgment against defendant for compensatory damages in an amount to be determined by a jury;

4. For pre-judgment and post-judgment interest;

5. For appropriate injunctive relief requiring defendant to cease and desist from violating the ADAAA as described above, and requiring defendant to immediately cease and desist from enforcing or relying on any customs, policies, or practices that are shown to be in violation of the ADAAA, including the standard or standards relied on by defendant in denying plaintiff employment;

6. For reasonable attorney's fees, expert witness fees, litigation expenses and costs in accordance with applicable law, including 42 U.S.C. §12205 and 42 U.S.C. §1988(b);

7. For such other general or equitable relief as plaintiff may be entitled to under the premises.

PLAINTIFF DEMANDS A JURY TO TRY THIS CASE.

/s/ Wade B. Cowan
Wade B. Cowan (S.C. #9403)
Of Counsel, Davies, Humphreys & Reese
Suite 300
85 White Bridge Road
Nashville, Tennessee 37205
(615) 256-8125
wcowan@dhhrplc.com