UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CORY BLANKENSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-146 |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | JUDGE RICHARDSON |
| NASHVILLE AND DAVIDSON | ) | MAG. JUDGE FRENSLEY |
| COUNTY TENNESSEE, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## PROPOSED PRETRIAL ORDER

1. The pleadings are amended to conform to this Pretrial Order. This Pretrial Order supplants the pleadings.

2. This Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4). Jurisdiction is not disputed.

3. **PLAINTIFF'S THEORY**:

Defendant excluded Plaintiff for employment due to diabetes. Plaintiff is a person with Type 1 diabetes mellitus, and he is a person with a "disability" under the Americans with Disabilities Act, as amended 42 U.S.C. §12101 *et seq*. (ADAAA). In August 2017, plaintiff applied for employment as a Fire Fighter with defendant. Plaintiff had the necessary skills, experience, education or training for the position of Fire Fighter, and could perform the essential functions of the job of Fire Fighter with or without a reasonable accommodation, and as a result, plaintiff was a "qualified individual" as defined by the ADAAA, 42 U.S.C. §12111(8). The ADAAA defines unlawful

discrimination as "using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability." 42 USC 12112(b)(6). An employer may defend such discrimination by proving the business necessity affirmative defense. The criterion Defendant used to deny Plaintiff was a requirement that he produce four glycosylated hemoglobin tests (A1c) taken during a one-year period. He possessed no such documents because they did not exist, due to his excellent diabetes management. The defendant cannot prove its defense that this criterion was either necessary or job related. An A1c test is nothing but an average of blood glucose values over a 60 to 90-day period. Such as test has nothing to do with ability or firefighting skills. They are not predictive of safe performance of the job. In fact, defendant hired plaintiff as a Fire Fighter in 2020 without applying the standard in question, thus showing that the requirement is not uniform nor necessary. As a result, defendant's refusal to hire plaintiff violated the ADAAA, 42 U.S.C. §12112(a) and (b)(6).

4. **DEFENDANT'S THEORY:**

Mr. Blankenship is currently employed by the Nashville Fire Department and is a valuable and highly effective firefighter for the City of Nashville. When he first applied for a position as a firefighter in August 2017, he, like all fire recruit candidates, was required to meet the qualification standards set forth in National Fire Protection Association guidelines. Because he was unable to provide quarterly blood tests from the previous 12 months measuring his A1C levels as required by NFPA 1582, Section 6.20.1(1), Dr. Gill Wright, the Civil Service Medical Examiner, determined that Mr.

Blankenship did not meet the job requirements. Accordingly, Mr. Blankenship was not initially offered employment with NFD. He brings suit based on that decision.

Being a firefighter is a potentially dangerous, demanding, and physical job which requires exceptional health and fitness. Further, "The implementation of the medical requirements outlined in [the NFPA] ensures that candidates and current members are medically capable of performing their required duties and will reduce the risk of occupational injuries and illnesses." NFPA 1582, Section 1.2.2. These standards are developed through a process involving firefighters and firefighting experts from across the country. Section 6 of the NFPA standards provides specific requirements for candidates based on medical conditions (such as Type 1 Diabetes) that can affect a candidate's ability to safely perform the essential job tasks of a firefighter. Accordingly, NFPA 1582, Section 6.20.1 (1), as employed by NFD in this case, is a job-related qualification standard which is consistent with business necessity. Once Mr. Blankenship provided additional A1C readings to Dr. Wright pursuant to the NFPA guidelines, Dr. Wright recommended him for hire. He was, indeed, hired by the NFD and, as stated above, is a now valuable and highly effective firefighter for the City of Nashville.

5. **ISSUES FOR THE JURY:**

    a.    Is the plaintiff a qualified person with a disability.

    b.    If so, did the defendant revoke its job offer to plaintiff by using a standard or criterion that screens out or tends to screen out persons with Type 1 diabetes.

    c.    If so, whether defendant has proved by a preponderance of the evidence that the standard or criterion that it used to revoke the job offer is job-related and consistent with business necessity.

d.  If defendant violated the ADAAA, what amount of compensatory damages, as defined in the Court's instructions, is plaintiff entitled to?

e.  If defendant violated the ADAAA, what amount of back pay is plaintiff entitled to?

6.  **ISSUE FOR THE COURT:**

Whether injunctive relief is an appropriate remedy, and if so, the scope of such injunctive relief.

7.  **STATEMENT OF RELIEF SOUGHT:**

a.  Plaintiff requests that he be awarded judgment for lost compensation and benefits, and compensatory damages against defendant in amounts to be determined at trial;

b.  Plaintiff requests that the Court enter an injunction requiring defendant to immediately cease and desist from enforcing or relying on any customs, policies, or practices that are shown to be in violation of the ADAAA, including the standard or standards relied on by defendant in denying plaintiff employment;

c.  Plaintiff requests that he be awarded reasonable attorneys' fees and expert witness fees, litigation expenses and costs;

d.  Plaintiff requests that he be awarded pre-judgment interest.

8.  **EVIDENTIARY ISSUES**

At this stage, the only known evidentiary disputes are those presented by the parties' Motions *in Limine*.

9.  **ESTIMATE OF THE ANTICIPATED LENGTH OF TRIAL**

The trial is expected to last two days.


Entered this _____ day of _____, 2022.


                                                                   _____
                                                                    ELI RICHARDSON
                                                                    U.S. DISTRICT JUDGE

Respectfully submitted,

/s/ Wade B. Cowan
Wade B. Cowan (09403)
P.O. Box 50617
Nashville, Tennessee 37205
(615) 256-8125
wcowan@dhhrplc.com
Attorney for plaintiff


John W. Griffin, Jr. (admitted *pro hac*)
Marek, Griffin & Knaupp
The McFaddin Building
203 N. Liberty Street
Victoria, Texas 77901
(361) 573-5500
jwg@lawmgk.com
Attorneys for plaintiff


s/J. Brooks Fox
J. Brooks Fox (#16096)
Assistant Metropolitan Attorney
P.O. Box 196300
Nashville, TN 37219
Attorney for Defendant