IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CORY BLANKENSHIP, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:19-cv-00146 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, | ) ) ) ) | |
| Defendant. | | |

## **ORDER**

On August 26, 2022, the Court entered judgment in favor of Plaintiff, noting therein that Plaintiff's post-judgment bill of costs and motion for fees and litigation expenses were due on September 28, 2022. (Doc. No. 108 at 2). On the due date, Plaintiff's filed "Plaintiff's Motion for Reasonable Fees and Costs" (Doc. No. 109, "Motion"), supported by a memorandum in support of the Motion (Doc. No. 110, "Memorandum")

Via the Motion, Plaintiff seeks attorney's fees in the total amount of $ 260,332.50, broken down as follows:

| Timekeeper | Hours | Rate | Lodestar Fee |
|---|---|---|---|
| Wade B. Cowan | 327.65 | $550 | $180,207.50 |
| John W. Griffin | 134.80 | $550 | $74,140.00 |
| Robert E. McKnight, Jr. | 13.30 | $450 | $5,985.00 |
| Total Hours/Lodestar Fee | 475.75 | | $260,332.50 |

(*Id.* at 1).

Plaintiff also seeks via the Motion "[c]osts (including those in the bill of costs) in the total amount of $6,767.71 (of which $2,790.80 is allocated to [Plaintiff's counsel Wade] Cowan, and $3,976.91 is allocated to [Plaintiffs co-counsel John] Griffin." (*Id.* at 2). An itemization of the claimed $6,767.71, as well as a completed and signed bill of costs in the amount of $2,435.10 (which, as indicated above, is included in the $6,767.71), is set forth in a particular attachment to the memorandum (Doc. No. 110-6).

Finally, Plaintiff seeks via the Motion post-judgment interest on the sum of the two above amounts (which total $267,100.21) from August 26, 2022 (the date on which the Court entered judgment).[1]

Defendant filed a response to the Motion (Doc. No. 114), wherein it does not oppose all relief but opposes the Motion to some extent.[2] The Court will address in turn each of the arguments that Defendant makes.

Defendant first challenges certain specific claimed expenses included as part of the $6,767.71 (expenses that, as indicated above, Plaintiff includes within the terms "costs," but are actually purported litigation expenses not included within *taxable* "costs"). In particular, it challenges claims for alcoholic beverages and meals, (*id.* at 1-2), whereupon Plaintiff in his reply in support of the Motion (Doc. No. 115 at 5) agreed to reduce his claim by $129.23. The Court

---

[1] Defendant does not dispute that post-judgment interest is awardable on an award of attorney's fees, and the Sixth Circuit indeed has put this beyond dispute. *See Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 635 (6th Cir. 2020).

[2] That is to say, Defendant does not contest the notion that, assuming arguendo the original judgment was properly entered, to a large extent Plaintiff is entitled to the relief requested via the Motion. Defendant is, however, properly viewed as thus far having preserved an overarching objection to all of the relief requested in the Motion on the grounds that such relief depends entirely on an underlying judgment that should not have been entered in the first place.

accepts Plaintiff's concession here and believes that that resolves that challenge. Defendant also challenges Plaintiff's claim of $238.31 for a wheelchair that Mr. Griffin purchased based on an injury he had sustained. Although the Court does not dispute that Mr. Griffin need the wheelchair for transportation purposes to and within the courthouse (and perhaps other litigation-related locations), the Court agrees that it is not reasonable to force Defendant to incur this cost; it is sheer bad luck both that Mr. Griffin happened to sustain the injury and that he happened to be going to trial against Defendant, and the Court does not believe that expenses occasioned with this bad luck should be shifted to Defendant. So this $238.31 will be excluded.

Defendant next challenges the request for taxation of costs, arguing that Plaintiff did not properly file a bill of costs. As noted above, Plaintiff did file an attachment to the Memorandum that included a bill of costs totaling $2,435.10, but the Court is inclined to agree with Defendant when it says essentially that the bill of cost was improperly filed inasmuch as it was not submitted as a separate document as seemingly required under Local Rule 54.01. But it is not entirely clear that Plaintiff's manner of filing the bill of costs was unacceptable, and Plaintiff's filing of the bill of costs (such as it was) was done within the Court's deadline (September 28, 2022) to file a bill of costs. Thus, if Plaintiff persists in seeking an award of costs (pursuant to Title 28, United States Sections 1821 and 1920), within 14 days hereof he may separately file a bill of costs, in which case the Clerk (this time being able to identify it from the docket entry as a bill of costs requiring action on her part) will resolve it in due course.

Defendant next challenges an expense of $466.91 for Westlaw research, arguing that it has not been properly supported by Plaintiff via some showing of the research's connection to this case. (Doc. No. 114 at 3-4). In reply, Plaintiff asserts that his claim for this expense, billed on June 1, 2022, is adequately supported by attorney billing records reflecting that research on particular

legal issues was conducted on May 6 and May 11, 2022. But these billing entries do nothing to tie the research on these days to the particular Westlaw charge of $466.91; there may have been such a connection, but if so, the record fails to substantiate it. So this $466.91 will be excluded.

Defendant next claims that an award of post-judgment interest on the attorney's fee award should exclude interest that accrued during the 21-day extension on the deadline for filing the Motion that Plaintiff requested and was granted. Defendant argues that it is perverse for interest to accrue in Plaintiff's favor during a period in which the accrual is occasioned only by Plaintiff's delay. (Doc. No. 114 at 4). The Court certainly understands Defendant's argument, but ultimately rejects it. As is obvious, post-judgment interest is to compensate a person that should have had use of money (in this case, an award of attorney's fees) during the period when they did not have use of it. Here, the reality of this Court's (heavy) docket is that Plaintiff probably would have been denied an award of attorney's fees up until the present date, even had he not requested the 21-day extension. Moreover, Defendant has not shown a net harm from the accrual of interest during this period, because it had the benefit of keeping the money at issue during this period, and Defendant has provided no reason to believe that this benefit is outweighed by the countervailing detriment of the accrual of its post-judgment interest during this period.

Defendant next challenges Plaintiff's request for fees for approximately 14.95 hours attributed to the research and drafting of Plaintiff's motion for a permanent injunction. Defendant correctly notes that this motion was denied by the Court and argues that this lack of success on the motion counsels against an award of fees for the time spent on this motion, especially since the Court (in July 2021, prior to the motion being filed) had previously alluded to the possibility that a permanent injunction might be moot (Doc. No. 114 at 4-5). In reply, Plaintiff notes that the motion was not moot (or at least not obviously moot) at the time of the Court's allusion; Plaintiff

also asserts that the motion was not entirely unsuccessful, inasmuch as the Court in its denial, "recognize[d] and alleviate[d]" the concerns underlying the motion by retaining continuing jurisdiction for re-opening the case (so that Plaintiff would not have to file a new case) in the event of a future violation of the kind that would have been enjoined by Plaintiff's proposed permanent injunction. Ultimately, the Court concludes that the motion was not unreasonably filed but that it was far from necessary to prosecuting this case and was successful only to a limited extent. Accordingly, the Court will reduce the awardable hours, from what it otherwise would be based on Plaintiff's request, by 50 percent on the time entries reflecting solely work related to the motion for permanent injunction; specifically, this means 50 percent of 8.70 hours spent (all by Mr. Cowan in particular) on this issue. So the award will be reduced by $2,392.50, which represents 4.35 hours times Mr. Cowan's $550 hourly rate.

That leads to the final issue. Defendant contends that the hourly rate claimed by Plaintiff's two lead attorneys, namely $550, is too high. Defendant asserts that a more appropriate rate of would be $450 per hour, inasmuch as this is the rate that Judge Campbell awarded to experienced counsel in what Defendant characterizes as a similar ADA case. (Doc. No. 114 at 6). In reply, Plaintiff points out differences in experience between counsel in that case and counsel in the instant case, and also notices the specific support on the record in this case for an hourly rate of $550. (Doc. No. 115 at 10-2). The Court ultimately concludes that although an hourly rate of $450 would not necessarily be unreasonably low, Plaintiff has adequately established that the market rate in this locale for their services is $550.

CONCLUSION

Regarding attorney's fees, Plaintiff has established that an award of $260,332.50 minus $2,392.50 (4.35 hours at Mr. Cowans $550 hourly rate) is appropriate. Thus, the Court awards **attorney's fees** to Plaintiff in the amount of **$257,940**.

Regarding expenses of litigation (not including taxable costs), Plaintiff has established that an award of $6,767.71 minus $129.23 (Plaintiff's concession for beverages and meals) minus $238.31 (wheelchair) minus $2,435.10 (bill of costs) minus $466.91 (Westlaw charge) is appropriate. Thus, the Court awards **litigation expenses** to Plaintiff in an amount of $**3,498.16**.

Regarding awardable costs, as noted above, within 14 days hereof counsel may separately file a bill of costs for action by the Clerk.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE